IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 1:04CR29-1

HERMAN PORTER,
         Defendant.

**ORDER/OPINION**

On the 2nd day of December, 2005, came the United States of America by David Godwin, Assistant United States Attorney, and also came the defendant, Herman Porter, in person, and by his counsel, Brian Kornbrath, for hearing on the 2nd Amended Petition for Action on Conditions of Pretrial Release alleging that Porter violated Conditions 7(p) and 7(q) of his Conditions of Release on multiple occasions

I. Procedural History

On May 6, 2005, Defendant Herman Porter was released on conditions set by Order of Chief United States Magistrate Judge Francis X. Caiazza of the Western District of Pennsylvania. Defendant appeared before the undersigned for Arraignment on May 18, 2005, at which time he was continued on the conditions set by Magistrate Judge Caiazza.

On June 14, 2005, Defendant's Adult Pretrial Services Officer Vincent T. Zummo filed a Petition for Action on Conditions of Pretrial Release alleging Defendant violated Condition 7(p) of his Conditions of Pretrial Release by providing a urine sample on May 13, 2005, which tested positive for cocaine, and violated Condition 7(q) by failing to report as required for drug testing on May 17, May 19, and May 24, 2005. The Pretrial Services Officer recommended

Defendant's Conditions of Release be modified to allow him to participate in a program of inpatient or outpatient substance abuse therapy and counseling. The undersigned concurred and modified the Conditions of Release as recommended.

On June 21, 2005, Mr. Zummo filed a second Petition for Action on Conditions of Pretrial Release alleging Defendant violated Condition 7(q) by failing to report as required for drug testing on June 2, 7, 9, 14, and 16, 2005, and violated Condition 7(r) by failing to participate in outpatient substance abuse counseling as directed by his Pretrial Services Officer. Mr. Zummo at that time recommended Defendant's Pretrial Release be revoked. Chief United States District Judge Irene M. Keeley Ordered a summons be issued for Defendant to appear on July 13, 2005.

On July 13, 2005, Judge Keeley held a hearing regarding the Petition. Judge Keeley Ordered Defendant released on the same Conditions with the requirement that he report on July 14, 2005, for 28-day inpatient substance abuse treatment.

On July 14, 2005, Defendant entered a plea of Guilty before Judge Keeley. He was continued on the prior Conditions of Release, including that he report that day for 28-day inpatient substance abuse treatment.

On October 20, 2005, Mr. Zummo filed a third Petition for Action on Conditions of Pretrial Release alleging Defendant violated Condition 7(p) of his Conditions of Release by submitting a urine specimen on or about October 6, 2005, which tested positive for cocaine. Mr. Zummo noted Defendant successfully completed the inpatient treatment program, but had once again tested positive for cocaine. Mr. Zummo requested the Court issue a warrant, and again recommended Defendant's Release be revoked. Judge Keeley Ordered a warrant be issued for Defendant's arrest on October 20, 2005.

Defendant was arrested in the Western District of Pennsylvania on October 27, 2005. Defendant appeared before United States Magistrate Judge Robert C. Mitchell on October 27, 2005. The Government requested detention. Magistrate Judge Mitchell orally denied the request for detention and "on the record gave stern lecture to defendant re: his conduct while on pretrial release, and, reinstated his original bond conditions." [Docket Entry 26].

On October 28, 2005, Adult Pretrial Services Officer Zummo filed an Amended Petition for Action on Conditions of Pretrial Release alleging that, in addition to the violations alleged above, Defendant violated Condition 7(p) by submitting a urine specimen on or about September 27, 2005, which tested positive for hydrocodone, and violated Condition 7(q) by failing to report as ordered for drug testing on October 13, 18, 20, and 25, 2005. Mr. Zummo recommended Defendant's Release be revoked, but did not request a warrant be issued because Defendant had already been arrested in the Western District of Pennsylvania pursuant to the prior Petition. Chief District Judge Keeley had a summons issued on October 31, 2005.

The undersigned Magistrate Judge scheduled a preliminary hearing for November 10, 2005. Neither Defendant nor his counsel appeared. Counsel subsequently stated in open court that neither he nor Defendant had received notice of the hearing.

On November 10, 2005, Pretrial Services Officer Zummo filed a "2nd Amended Petition for Action on Conditions of Pretrial Release," alleging the violations already discussed above, and adding allegations that Defendant violated Condition 7(p) of the conditions of Release by submitting a urine specimen on or about October 27, 2005, which tested positive for cocaine, and violated Condition 7(q) by failing to report as instructed for drug testing on November 1, 3, and 8, 2005. On November 10, 2005, the undersigned United States Magistrate Judge directed

Defendant be arrested and brought before the Court to answer the allegations made against him in the 2nd Amended Petition.

Defendant was brought before the undersigned United States Magistrate Judge on December 2, 2005. Defendant appeared in person and by his counsel, Brian Kornbrath. The United States appeared by David Godwin, its Assistant United States Attorney.

In summary, the 2nd Amended Petition for Action on Conditions of Pretrial Release alleges Defendant violated Condition #7(p) of the Conditions of Release by submitting urine specimens which tested positive for cocaine on or about October 6, 2005 and October 27, 2005, and tested positive for hydrocodone on or about September 27, 2005; and violated Condition 7(q) by failing to report for drug testing as required by his Pretrial Services Officers on October 13, 18, 20, and 25, and November 1, 3, and 8, 2005.

In addition, Pretrial Services Officer Zummo noted in the 2nd Amended Petition that there had been three previous reports submitted to the Court reporting violations, as are noted above, and that the District Judge had allowed Defendant to participate in an inpatient treatment program after his guilty plea before her on July 8, 2005.

Prior to the taking of evidence, Defendant, through counsel, waived the preliminary hearing and admitted the violations contained in the 2nd Amended Petition for Action on Conditions of Pretrial Release. The Court then explained the charges contained in the 2nd Amended Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the hearing and admit to the violations. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing and admit to the violations was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged and numbered 1 through 4 in the 2nd Amended Petition for Action on Conditions of Pretrial Release filed November 10, 2005, and in fact, finds Defendant has knowingly and voluntarily admitted he violated the conditions of release.

Counsel for Defendant then requested the undersigned United States Magistrate Judge proceed directly to the dispositive hearing regarding the sanctions for violation of conditions of release pursuant to 18 U.S.C. § 3148, which provides, in pertinent part:

> A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

The undersigned United States Magistrate Judge questioned counsel for Defendant regarding his request to proceed directly to the sanctions portion of the proceedings, instead of forwarding the matter to the United States District Judge presiding. Counsel for Defendant noted that § 3148 requires that "the person shall be brought before a judicial officer in the district in which the person's arrest was ordered for a proceeding . . . . [and] [t]o the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated." Counsel for Defendant then noted that Chief United States District Judge Irene M. Keeley was at the Martinsburg point of holding court, and would be unavailable until after the weekend. Counsel for Defendant then stated in open court that he wished to proceed at this time for several reasons, including:

1.     United States Magistrate Judge Robert Mitchell of the Western District of Pennsylvania

had all the information contained in the 2nd Amended Petition with the exception of alleged violations 3 and part of 4, and denied the Government's motion to detain and ordered Defendant released back on his original bond on November 27, 2005;

2. Two days later, United States Magistrate Judge Amy Reynolds Hay, also of the Western District of Pennsylvania had approved Defendant to report to Renewal House, where he would be subject to daily drug testing, but could still work;

3. A bed was currently available at Renewal House; and

4. Defendant's parents were present in Court, and willing to transport Defendant directly to Renewal House.

The undersigned United States Magistrate Judge inquired of Defendant's counsel whether he was certain he wished to proceed directly to the disposition of the matter, especially considering it was the undersigned United States Magistrate Judge who had had Defendant brought to the Northern District of West Virginia despite his release by the Magistrate Judge in Pennsylvania. Counsel stated he wished to proceed.

The Court then heard the arguments of counsel. The United States argued that Defendant's Adult Pretrial Services Officers in Pennsylvania had attempted to confirm Defendant's work schedule and had also made efforts to accommodate his work schedule.

Counsel for Defendant noted that Defendant had been working in Erie where it was very difficult for him to get to the pretrial services office, but he was now working in Pittsburgh. Further, by living at Renewal House he would be within walking distance of the Pretrial Services Office. Counsel also noted that Defendant had no record of violence, and would have stable living arrangements.

III. Findings Of Fact

Based on the testimony presented at the hearing held December 2, 2005, and the docket record as the same existed on December 2, 2005, by clear and convincing evidence, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated May 6, 2005.

2) Condition No. 7(p) of the Order Setting Conditions of Release required Defendant to refrain from any use or unlawful possession of a narcotic drug and other controlled substances as defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.

3) Condition No.7(q) of the Order Setting Conditions of Release required Defendant to submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.

4) Defendant was released from federal custody on May 6, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

6) Defendant is Pretrial Services Officer Vincent Zummo's assigned supervisee.

7) Defendant was being supervised by the Western District of Pennsylvania as a courtesy.

8) On May 13, 2005, Defendant tested positive for cocaine.

9) Defendant failed to report as required for drug testing on June 2, 7, 9, 14, and 16, 2005.

10) On July 13, 2005, Chief District Judge Keeley held a hearing regarding the Petition.

Judge Keeley Ordered Defendant released on the same Conditions with the requirement that he report on July 14, 2005, for 28-day inpatient substance abuse treatment.

11) On July 14, 2005, Defendant entered a plea of Guilty before Judge Keeley. He was continued on the prior Conditions of Release.

12) Defendant reported to, and completed the 28-day inpatient substance abuse treatment program.

13) On September 27, 2005, Defendant submitted a urine specimen which tested positive for hydrocodone.

14) On October 6, 2005, Defendant submitted a urine specimen which tested positive for cocaine.

15) Defendant failed to report for drug testing as required on October 13, 18, 20, and 25, 2005.

16) On October 27, 2005, Defendant submitted a urine specimen which tested positive for cocaine.

17) Defendant failed to report for drug testing as required on November 1, 3, and 8, 2005.

18) The Court has no information regarding Renewal House, such as by whom it is operated, its success or failure rate, whether it is a private or public facility, and what control it has over its residents.

19) The Court does know that on three separate occasions, after having had the benefit of treatment, and after pleading guilty, Defendant submitted urine samples that tested positive, on two occasions for cocaine, and on one occasion for hydrocodone.

IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant violated condition No. 7(p) and condition No. 7(q) of the Order Setting Conditions of Release entered May 6, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Herman Porter is unlikely to abide by any condition or combination of conditions of release. The undersigned further finds there are no conditions of release that would prevent further violations of law or the court's orders or danger to the community commensurate with further violations of the law, especially the obtaining and use of illegal drugs. Defendant's Motion for Release to Renewal House is therefore **DENIED**.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Herman Porter on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;
2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;
4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and
5. The Clerk shall direct copies of this order to counsel for the United States, to

counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: December 5th, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE